## HARRISON W. HOWELL *vs.* FRANK GRABOWSKI.

1. WILLS—INTENT OF TESTATOR CONTROLS, IF NOT UNLAWFUL.

    The intent of the testator, expressed in the will, controls the disposition of the property, if it is not inconsistent with some established rule of law.

2. WILLS—SECOND DEVISE OF RESIDUE HELD CONTINGENT ON FIRST DE-VISEE'S DEATH BEFORE TESTATRIX.

    Where the fourth item of a will gave the residue to the husband of testatrix, provided he survived her, and the fifth made certain specific devises in the event that testatrix survived her husband, the sixth item, which gave the residue to the father of testatrix, was clearly intended by testatrix to take effect in the event she survived her husband, though that contingency was not expressed therein, and that item does not therefore defeat the gift to the husband, who did in fact survive testatrix.

*(December 17, 1920)*

RICE and HEISEL, J. J., sitting.

*Edward Glenn Cook* for plaintiff.

*William F. Kurtz* for defendant.

Superior Court for New Castle County, November Term, 1920.

ASSUMPSIT, No. 145, May term, 1920.

Amicable action in assumpsit by Harrison W. Howell against Frank Grabowski.   On hearing by the court on case stated. Judgment rendered for plaintiff.

This action was brought to recover the balance of the purchase price of a certain lot of land under a contract of sale.   The facts and questions of law raised appear in the opinion.

HEISEL, J., delivering the opinion of the court.

This is a case stated wherein the facts agreed upon show that the plaintiff, Harrison W. Howell, claimed to be the owner, under the will of his wife, Lucy Glidden Howell, of a certain lot of land situate in the city of Wilmington, on the easterly side of Eighth avenue, and on the 2nd day of April, 1920, sold said lot of land to the defendant, Frank Grabowski, and received from defendant $5 on account of the purchase price, the "balance of the purchase price, amounting to $555 to be paid upon the execution and delivery of a deed conveying a good, marketable fee-simple title,

free of liens and incumbrances''; that on May 1, 1920, plaintiff duly executed a deed purporting to convey said lot of land to defendant in fee simple, tendered defendant said deed and demanded payment of the balance of the purchase money; that defendant refused to accept said deed and declined to pay plaintiff the balance of said purchase money for the reason that plaintiff did not have, under the terms of said will, a fee-simple title in the land aforesaid.

The question raised for our determination is what estate, if any, the plaintiff had in said land, under the terms of the will of Mrs. Howell.

There are six items in the will. The first item provides for the early payment of her debts. The second makes certain specific bequests to her father, Samuel Collins Biddle, if living at the time of her death. By the third item she bequeaths to her brother, Osborne Tatman Biddle, a certain sum of money and some articles of special family interest.

Items 4, 5, and 6 provide as follows:

4. Item: All the rest, residue and remainder of my estate, of and to which I shall be possessed or entitled at the time of my death, of every nature and kind, and wheresoever the same may be situate, and whether real, personal or mixed, I give, devise and bequeath unto my husband, Harrison Worthington Howell, if he be living at the time of my death, to him, his heirs, executors, administrators and assigns forever.

5. Item: In case my husband, Harrison Worthington Howell, should not be living at the time of my death, then and in such case, I give, devise and bequeath unto Anne Umpleby Howell the properties No. 209 W. Ninth street, No. 519 E. Fifth street and the lot at the corner of Brinckle avenue and Seventeenth street, in the city of Wilmington aforesaid, unto her, her heirs and assigns forever.

6. Item: All the rest, residue and remainder of my estate of and to which I shall be possessed or entitled at the time of my death of every nature and kind and wheresoever the same may be situate, and whether real, personal or mixed, I give, devise and bequeath unto my father, Samuel Collins Biddle, to him, his heirs, executors, administrators and assigns forever.

It is admitted that Mrs. Howell had fee simple title to the land.

The objection made by counsel for defendant is that plaintiff took nothing under his wife's will because item 4 and item 6 are inconsistent and repugnant, and, under such conditions, the later or subsequent item prevails.

Counsel for plaintiff contends that there is no inconsistency or repugnancy between items 4 and 6, and that the meaning and intention of the testatrix, as shown by the will, is that the plaintiff should take all the rest, residue and remainder of her estate, should he be living at the time of her death, but in the event of his death before her, then the rest, residue and remainder, after satisfying the provisions of item 5 should go to her father, Samuel C. Biddle. And that plaintiff having survived his wife, item 4 is in full force and effect.

[1, 2] The rule to be applied here, as in all cases of the construction of wills, is, that the intention of the testator must control, if not inconsistent with some established rule of law. It seems to us to be clearly apparent from the whole will that items 4 and 6 are not inconsistent or repugnant, and that the testatrix intended to devise and bequeath all the rest, residue and remainder of her estate both real and personal to her husband, the plaintiff, provided he survived her, and that it was only in the event of plaintiff dying before the testatrix that items 5 and 6 were to go into effect.

Plaintiff having survived testatrix, all the estate, right, title and interest in her real and personal property not disposed of by items 1, 2 and 3 of her will, vested in the plaintiff at the time of her death. We are, therefore, of opinion that defendant was not justified in refusing to accept the deed tendered by plaintiff to him for the lot of land in question, upon the ground urged by him; and that, so far as anything appears in the case stated to the contary, the deed tendered by the plaintiff to the defendant, if accepted by defendant, would have conveyed to him a good, marketable, fee-simple title to said lands.

Let judgment be entered in favor of the plaintiff and against the defendant for $555, besides costs.